IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-153-RJC-DCK

| | |
|---|---|
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ST. PAUL MEDICAL LIABILITY ) | |
| INSURANCE COMPANY and ) | |
| TRAVELERS MEDICAL LIABILITY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant St. Paul Medical Liability Insurance Company's "Motion For More Definite Statement" (Document No. 11). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

## BACKGROUND

Plaintiff Bank of America, N.A. ("Plaintiff" or "Bank") filed this action in the Superior Court of Mecklenburg County, North Carolina on or about February 1, 2012. (Document No. 1-1). Defendant St. Paul Medical Liability Insurance Company ("Defendant" or "Travelers") filed its "Notice Of Removal" to this Court on March 6, 2012. (Document No. 1). Subsequently, Defendant filed four (4) motions for extension of time to file its response to the Complaint, all of which were consented to and allowed. (Document Nos. 3, 5, 7, and 9).

On May 14, 2012, Defendant's "Motion For More Definite Statement" (Document No. 11) was filed with the Court. Plaintiff filed a timely response on June 1, 2012; then filed an "Amended

Complaint" (Document No. 15) on June 7, 2012. "Defendant's Renewed Motion For More Definite Statement And Reply To Plaintiff's Opposition To Motion For More Definite Statement" (Document No. 16) was filed on June 11, 2012. "Plaintiff Bank Of America's Supplement To Its Response In Opposition To The Defendants' Motion For More Definite Statement" (Document No. 18) was then filed on June 15, 2012.

## DISCUSSION

Based on the foregoing procedural background, the undersigned finds that the pending motion should be denied as moot. As the docket reflects, on May 14, 2012, Defendant requested a more definite statement, and on June 7, 2012, Plaintiff filed its Amended Complaint. (Document Nos. 11 and 15).

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule .... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc., 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

Here, the pending motion is directed at a pleading that has been superseded. (Document Nos. 11 and 15). To the extent Defendant sought to "renew" its motion in its reply brief (Document No. 16) on June 11, 2012, such filing is not allowed by the Local Rules. See Local Rule 7.1(C)(2) ("Motions shall not be included in responsive briefs. Each motion should be set forth as a separately filed pleading").

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant St. Paul Medical Liability Insurance Company's "Motion For More Definite Statement" (Document No. 11) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants shall file an answer or otherwise respond to Plaintiff's "Amended Complaint" (Document No. 15) on or before **October 12, 2012**. If Defendants' counsel contend that the Amended Complaint is deficient, they shall meet and confer with Plaintiff's counsel prior to filing a new motion pursuant to Fed.R.Civ.P. 12.

**SO ORDERED**.

Signed: September 26, 2012

David C. Keesler
United States Magistrate Judge